# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRY WARDLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 2:15-cv-00367-JHE |
| | ) | |
| MICHAEL WHITEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Black Mark 2, LLC (incorrectly identified as "Black Market Bar and Grill" in the Amended Complaint) ("Black Mark") moves to dismiss Plaintiff Larry Wardlow's ("Wardlow") negligent security claim as barred by the statute of limitations. (Doc. 8). The motion is fully briefed and ripe for review. (Docs. 8, 18, 20). For reasons stated below, the motion is **GRANTED**.

### I. Procedural History

On February 27, 2015, Wardlow filed his original complaint in this Court. (Doc. 1). Black Mark was not named as a party in the original compliant. (*See id.*). The original complaint listed "fictitious defendants," describing them as "those persons, entities or parties who participated in causing injury to Plaintiff Wardlow," but asserted no claim against the fictitious defendants. (Doc. 3 at ¶7). On June 15, 2015, Wardlow filed a First Amended Complaint, including a claim for negligent security against Black Mark. (Doc. 3 at 8-9).

The facts giving rise to this lawsuit occurred on March 1, 2013. (Doc. 3 at ¶10). The applicable statute of limitations for claims based on negligence is two years. ALA. CODE § 6-2-

1

38(1) (1975). Because Plaintiff's Amended Complaint was filed more than two years after the incident made the basis of his claims against Black Mark, the negligent security claim is due to be dismissed unless it relates back to the filing of the original complaint.

## II. Analysis

Federal Rule of Civil Procedure 15(c) governs relation back of amendments to pleadings in federal court and provides several ways in which an amended pleading can relate back to the original pleading. The first subsection, Rule 15(c)(1), provides that "[a]n amendment of a pleading relates back to the date of the original pleading when relation back is permitted by the law that provides the statute of limitations applicable to the action." FED. R. CIV. P. 15(c)(1). The Advisory Committee Notes accompanying this subsection state that the provision "is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law." FED. R. CIV. P. 15(c)(1) advisory committee's note. The Notes further provide: "Generally, the applicable limitations law will be state law. If federal jurisdiction is based on the citizenship of the parties, the primary reference is the law of the state in which the district court sits . . . . Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." *Id.* Thus, Rule 15(c)(1) incorporates the relation-back rules of the law of a state when that state's law provides the applicable statute of limitations. As a result, if an amendment relates back under the law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not relate back under the federal law rules. *See Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 961-65 (11th Cir. 2001).

Because Alabama law provides the applicable statute of limitations for the "negligent

security" claim, Rule 15(c)(1) directs the court to Alabama law governing relation back of amendments. Alabama's law addressing relation back is found in Alabama Rule of Civil Procedure 15(c). Alabama Rule 15(c)(4) expressly sets forth the relation-back rule when fictitious parties are involved. Specifically, Alabama Rule 15(c)(4) provides that an amendment to a pleading "relates back to the date of the original pleading when relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)." ALA. R. CIV. P. 15(c)(4).

In turn, Alabama's fictitious party practice rule, contained in Rule 9(h), provides that when a party is ignorant of the name of an opposing party and so alleges, that party may designate the opposing party by any name and amend its pleading to substitute the opposing party's true name when the true name is discovered. Ala. R. Civ. P. 9(h).8 The Committee *965 Comments accompanying Rule 9(h) further direct: "See Rule 15(c) for the application of the doctrine of relation back of amendments substituting real parties for fictitious parties." Ala. R. Civ. P. 9(h) advisory committee's note. The Alabama Supreme Court has expressly discussed the interplay between Alabama Rules of Civil Procedure 9(h) and 15(c), noting that they allow a plaintiff, in certain circumstances, to avoid a limitations bar by fictitiously naming a defendant and later substituting the actual party, explaining as follows:

> Alabama Rules 9(h) and 15(c) allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted. Such a substitution is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant and stated a claim against such a defendant. For the substitution to relate back, the plaintiff must show he was ignorant of the true identity of the defendant and that he used due diligence in attempting to discover it. J*ones v. Resorcon, Inc.*, 604 So.2d 370, 372–73 (Ala.1992); *see also Ex Parte Stover*, 663 So.2d 948, 951

(Ala.1995); *Columbia Eng'g Int'l, Ltd. v. Espey*, 429 So.2d 955, 959 (Ala.1983). Thus, under Alabama law, an amendment substituting an actual defendant for a fictitious defendant relates back when:

> (1) the original complaint adequately described the fictitious defendant;
> (2) the original complaint stated a claim against the fictitious defendant;
> (3) the plaintiff was ignorant of the true identity of the defendant; and
> (4) the plaintiff used due diligence to discover the defendant's true identity.

*See Jones*, 604 So.2d at 372–73.

In this case, Wardlow's amendment does not relate back to his original complaint because the original complaint does not adequately describe the fictitious defendant and does not state a claim against such fictitious defendant. ALA. R. CIV. P. 15(c)(4) and 9(h); *see Ex parte Nationwide Ins. Co.*, 991 So. 2d 1287, 1291 (Ala. 2008). The original complaint contains the following description of the fictitious defendants: "those persons, entities or parties who participated in causing injury to Plaintiff Wardlow." (Doc. 3 at ¶7). This description is inadequate because it does not describe the entity that operates "Black Market Bar and Grill" or otherwise put Black Mark on notice of a claim. *See Ex parte Int'l Refining & Mfg. Co.*, 972 So. 2d 784 (Ala. 2007). Furthermore, the absence of any claim against a fictitious defendant in the original complaint prevents an amendment substituting an actual defendant for a fictitious defendant and the application of relation back. *See Ex parte FMC Corp.*, 599 So. 2d 592 (Ala. 1992). The only claims in Wardlow's original complaint are for unreasonable/excessive force, state law assault and battery, § 1983 false imprisonment/unlawful arrest, § 1983 malicious prosecution, and state law malicious prosecution against Defendant Whiten. (Doc. 1). The original complaint does not attempt to state a claim for or mention "negligent security." (*See id.*).

Alternatively, Wardlow fails to show he exercised due diligence to discover Black

Mark's true identity. *See Ex parte Chemical Lime of Ala., Inc.*, 916 So. 2d 594 (Ala. 2005). The "due diligence" standard is whether the plaintiff knew, or should have known, or was on notice, that the substituted defendant was in fact the parties he (should have) described fictitiously. *See Ex parte Nationwide Ins. Co.*, 991 So. 2d 1287, 1291 (Ala. 2008) (citing *Davis v. Mims*, 510 So. 2d 227, 228-29 (Ala. 1987). Here, Wardlow states he did not discover Black Mark's true identity until it filed this motion to dismiss. (Doc. 18 at ¶11). The Amended Complaint names "Black Market Bar and Grill" as a defendant, not "Black Mark 2, LLC." (Doc. 3 at 1, ¶7). Wardlow contends "at the time of the original filing,"[1] he did not know the party he intended to sue. (Doc. 18 at ¶10. Therefore, he conducted a "due diligence" search that produced several similar entity names in Alabama. (*Id.*). He decided to sue "Black Market Bar and Grill" because the name was included in the original complaint (as where the underlying events occurred). (*Id.* at ¶11; doc. 1 at ¶8). Thus, although he never specifically named "Black Mark 2, LLC" as a defendant, according to Wardlow, he had all of the relevant information in the Amended Complaint prior to the expiration of the statute of limitations, but did not assert his "negligent security" claim during that time. Furthermore, there is nothing in the record to indicate Wardlow made any effort to determine Black Mark's true identity prior to the expiration of the statute of limitations, despite knowing exactly where the incident occurred. One unsuccessful entity search with no additional effort to ascertain Black Mark's true identity is insufficient.[2] By his own admission, Wardlow had everything he needed to assert a timely claim, but did not. Wardlow did not exercise due diligence to discover Black Mark's true identity and thus his claim against

---

[1] It is unclear if Wardlow is referring to when he filed the original complaint on February 27, 2015, or when he filed the amended complaint

[2] Based on Wardlow's description, it appears this search was conducted after the expiration of the statute of limitations. (Doc. 18 at ¶¶10-11). There is no explanation as to why it was not conducted earlier. (*See id.*).

Black Mark does not relate-back to the filing of his original complaint.

## III. Conclusion

Because the claim against Black Mark in the Amended Complaint does not relate-back to the original complaint, it is barred by the statute of limitations. Black Mark's motion to dismiss, (doc. 8), is **GRANTED**.

DONE this 28th day of October 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE